UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT AND KAROL AVENDT,**

       **Plaintiffs,**                               **CIVIL ACTION NO. 11-CV-15538**

**VS.**                                         **DISTRICT JUDGE PAUL D. BORMAN**

**COVIDIEN, INC.,**                        **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

### ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 23)

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery. (Docket no. 23). Defendant filed a response. (Docket no. 26). Plaintiffs filed a reply. (Docket no. 27). The parties filed Statements of Resolved and Unresolved Issues. (Docket nos. 29, 30). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 24). The Court heard oral argument on the motion on July 24, 2013 and ruled on the motion at that time.

Plaintiffs brought this products liability and loss of consortium action against Defendant Covidien, Inc. for injuries that allegedly resulted from the implantation of Permacol surgical mesh during an abdominal wall surgery. Plaintiffs served their First Set of Written Discovery on Defendant Covidien Inc. on May 22, 2012 seeking responses to sixteen interrogatories, three document requests, and thirteen requests for admission. (Docket no. 23, ex. 1). Plaintiffs served their Second Set of Written Discovery on Defendant on September 27, 2012 seeking responses to eighteen document requests and one request for admission. (Docket no. 23, ex. 2). During the

hearing on this motion and in their Statements of Resolved and Unresolved Issues, the parties informed the Court that they have been unable to resolve their disputes prior to the motion hearing with respect to Plaintiffs' First Set of Interrogatories no. 16 and Second Set of Requests for Production nos. 2 and 4. They further informed the Court that they had resolved their issues with regard to Plaintiffs' First Request for Production no. 2 and Second Request for Production no. 8.

Plaintiffs' First Set of Interrogatories no. 16 asks Defendant to state whether it has ever had communications with the FDA regarding the use of Permacol, including but not limited to the use of Permacol for abdominal wall repairs. (Docket no. 23, ex. 1 at 10). Defendant objects based upon the notion that the interrogatory was unduly burdensome and overly broad. Defendant also objects on the ground that the interrogatory is not reasonably limited in scope to the product, timeframe, or alleged injuries at issue in this case. The parties agree that Permacol has been on the market for approximately fourteen years and is used in multiple different surgical applications. The Court finds that Interrogatory no. 16 is overly broad and unduly burdensome. During the hearing on this motion Plaintiffs agreed to narrow their request, and Defendant agreed to supplement its response and provide information pertaining to all written correspondences between Defendant and the FDA from 2003 to the present related to (1) the failure to appropriately test Permacol prior to implantation for use in abdominal wall hernia repairs, and (2) the failure to conduct testing on the clinical effects of cross-linking, as was discussed in greater detail during the motion hearing. The Court will order Defendant to provide a supplemental written response to this request.

Plaintiffs' Second Request for Production no. 2 asks Defendant to produce all documents related to the controls it put into place to control and monitor the storage temperature of the Permacol sheet from the time Permacol leaves the warehouse to the receipt of the Permacol by the

2

end user. Defendant objects based upon the notion that the request is overly broad and unduly burdensome, and that it is not reasonably limited in scope to the product, timeframe, or alleged injuries at issue in this case. Defendant also objects on the ground that the request is vague and ambiguous in its use of the phrases "the controls," "the warehouse," and "the end user." The Court finds that Plaintiffs' request is vague, overly broad in time and scope, and unduly burdensome. As agreed during the hearing, the Court will order Defendant to produce the Device Master Record from 2012. In all other respects Plaintiffs' Motion to Compel further response to this request is denied.

Plaintiffs' Second Request for Production No. 4 asks Defendant to produce all records from the FDA relating to adverse event reports involving Permacol products. Defendant objects on the basis that the request is overly broad and unduly burdensome, and that it is not reasonably limited in scope to the product, timeframe, or alleged injuries at issue in this case. Defendant further objects on the ground that the request is vague and ambiguous in its use of the term "records from the FDA," and that it seeks information that is publicly available. The Court finds that this request is overly broad in time and scope and is unduly burdensome. Furthermore, Defendant states that it has produced all documents responsive to this request. Accordingly, the Court will order Defendant to serve a supplemental written response containing a sworn declaration that after reasonable inquiry Defendant has produced all documents within its possession, custody, or control that are responsive to this document request. In all other respects Plaintiffs' motion to compel further response to this request is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery (docket no. 23) is **GRANTED IN PART**. On or before **August 19, 2013** Defendant, as provided in this Order

and discussed in more detail during the hearing on this motion; is ordered to:

1. serve a supplemental written response identifying information responsive to First Interrogatory no. 16 as it relates to written correspondences between Defendant and the FDA from 2003 to the present related to (1) the failure to appropriately test Permacol prior to implantation for use in abdominal wall hernia repairs, and (2) the failure to conduct testing on the clinical effects of cross-linking.

2. produce the Device Master Record from 2012 in response to Second Request for Production no. 2.

3. serve a supplemental written response on Plaintiff containing a sworn declaration that after reasonable inquiry Defendant has produced all documents within its possession, custody, or control that are responsive to Second Request for Production no. 4.

**IT IS FURTHER ORDERED** that Plaintiffs' motion is denied in all other respects.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 30, 2013                          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 30, 2013                          s/ Lisa C. Bartlett
                                              Case Manager