**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT AND KAROL AVENDT,**

          **Plaintiffs,**            **CIVIL ACTION NO. 11-CV-15538**

**VS.**                    **DISTRICT JUDGE PAUL D. BORMAN**

**COVIDIEN, INC.,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendant.**

_____/

**ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL**
**DISCOVERY (DOCKET NO. 45)**

This matter comes before the Court on Plaintiffs' second motion to compel discovery. (Docket no. 45). Defendant filed a response. (Docket no. 54). Plaintiffs filed a reply. (Docket no. 61). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 69). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 47). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiffs served their Second Set of Written Discovery on Defendant on September 27, 2012. (Docket no. 45, ex. A). Plaintiffs served their Third Set of Written Discovery on Defendant on January 23, 2013. Defendant served written responses and objections to the requests. Plaintiff now moves for an order compelling full and complete responses to Second Request for Production 3 and 9,[1] Third Set of Interrogatories 1 through 6, and Third Requests for Production 2 and 14

_____

[1]Plaintiffs' motion asks for an order compelling a response to Plaintiffs' Second Request for Production 3 and 5, not 3 and 9. Defendant states that Plaintiffs incorrectly identified Second Request for Production 5. The Joint Statement states that the parties have been unable to resolve

through 17.[2]

Second Request for Production 3 asks Defendant for any and all agreements between Defendant and Plaintiffs' expert, Dr. Michael J. Rosen. Plaintiffs claim this information is necessary to show how and in what way their expert's opinions are influenced by his past relationship with Defendant. Defendant responded in part by stating that it has not identified or withheld any agreements between Defendant and Dr. Rosen related to Permacol. Defendant also argues that this information is equally available to Plaintiffs since Plaintiffs have identified Dr. Rosen as their expert. The Court will deny Plaintiffs' motion to compel further response to this request since Plaintiffs should be able to obtain this information by asking their expert.

Second Request for Production 9 asks for all documents related to "temperature control improvements" and "environment exposure restrictions" as described and identified in Defendant's Bates 5183. Defendant objected to the request but stated that it would produce SOP/MFG/043 and F/MFG/061. In addition, Defendant's response refers Plaintiffs to a number of documents that Defendant has already produced. Plaintiffs argue that Defendant produced documents that are not responsive to the request. Defendant claims it has produced all relevant documents. Plaintiffs have failed to identify what additional documents or types of documents it seeks. The Court will deny Plaintiffs' motion to compel further response to this request.

Third Interrogatory nos. 1 through 6 ask for the names and addresses of Defendant's employees or agents responsible for various matters related to this case. Defendant objected to the

---

their dispute with respect to Second Request for Production 9. Therefore, the Court will address Plaintiffs' Second Request for Production 9 and not 5.

[2]The Court recognizes and rejects Defendant's argument that Plaintiffs' motion should be denied as untimely.

requests but informed Plaintiffs that the interrogatories would be sufficiently answered when Defendant identified representatives for 30(b)(6) depositions.  Defendant has failed to identify or produce 30(b)(6) witnesses and now argues that it has filed a motion for summary judgment, motion to strike untimely expert reports, and motion for protective order which render any additional depositions unnecessary.  The Court disagrees.  Defendant's motion to strike Plaintiffs' expert reports and Defendant's motion for protective order have been denied.  The Court will order Defendant to serve full and complete responses without objections to Third Interrogatories 1 through 6.

Third Request for Production nos. 2 and 17 ask for training materials provided to Matthew Aris and Defendant's hernia repair specialists on Permacol.  Defendant responded with objections but produced the computer-based training provided to hernia repair specialists on Permacol. Defendant further states that it is not aware of any written training materials relating to the temperatures to which the product may be exposed.  Third Request for Production nos. 2 and 17 are not limited to training materials relating to the temperatures to which Permacol may be exposed. The Court will order Defendant to supplement its responses to Third Request for Production nos. 2 and 17 to produce all training materials provided to Matthew Aris and Defendant's other hernia repair specialists on Permacol.  If Defendant has produced all documents responsive to this request it must state as much in its supplemental responses.  Defendant must also indicate in its supplemental response to Request for Production 17 whether the training materials it produced were actually used to train Mr. Aris.

Third Request for Production 14 through 16 requests emails between Matthew Aris and representatives of Genesys Regional Medical Center, Mark Marshall, and Brian Thiel from 2008-

2009.  Defendant objects on the grounds that the requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Court disagrees and will order Defendant to provide full and complete responses to Third Request for Production nos. 14 through 16.

Depositions: Plaintiffs show that they noticed the depositions of Defendant's 30(b)(6) representatives and claim that the depositions have not gone forward.  Plaintiffs also argue that they noticed the deposition of Steve Bloor and have been unable to schedule and conduct his deposition.  Defendant argues that depositions are unnecessary due to their pending motions.  The Court will order Defendant to produce Steve Bloor and identify and produce 30(b)(6) representatives for depositions.  The deposition of Steve Bloor and all 30(b)(6) depositions must be completed no later than January 31, 2014.

**IT IS THEREFORE ORDERED** that Plaintiffs' second motion to compel discovery is **GRANTED IN PART**.  On or before January 4, 2014 Defendant must serve on Plaintiffs full and complete responses without objections to Third Interrogatories 1 through 6 and Third Request for Production 14 through 16.  Also by January 4, 2014, Defendant must supplement its responses to Third Request for Production 2 and 17 as provided in this order.

**IT IS FURTHER ORDERED** that Defendant must produce Steve Bloor and identify and produce 30(b)(6) representatives for depositions.  The deposition of Steve Bloor and all 30(b)(6) depositions must be completed no later than January 31, 2014.

**IT IS FURTHER ORDERED** that Plaintiffs' second motion to compel is denied in all other respects.

4

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: December 10, 2013                    s/ Mon a K. Majzoub_____
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 10, 2013                    s/ Lisa C. Bartlett_____
                                            Case Manager