UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT AND KAROL AVENDT,**

        **Plaintiffs,**                      **CIVIL ACTION NO. 11-CV-15538**

**VS.**                                                **DISTRICT JUDGE PAUL D. BORMAN**

**COVIDIEN, INC.,**                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**
_____/

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY EXPERT DISCLOSURES (DOCKET NO. 42), DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 46), AND GRANTING PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER (DOCKET NO. 59)**

      This matter comes before the Court on three related motions. The first motion is Defendant's motion to strike Plaintiffs' untimely expert disclosures. (Docket no. 42). Plaintiffs filed a response. (Docket no. 58). Defendant filed a reply. (Docket no. 56). The second motion is Defendant's motion for a protective order. (Docket no. 46). Plaintiffs filed a response. (Docket no. 57). Defendant filed a reply. (Docket no. 63). The third motion is Plaintiffs' motion to modify the Scheduling Order to extend remaining case deadlines and to permit Plaintiffs to supplement expert disclosures. (Docket no. 59). Defendant filed a response to Plaintiffs' motion and Plaintiffs filed a reply. (Docket nos. 68, 72). The motions have been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 43, 47, 70). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

      Defendant moves to strike Plaintiffs' untimely and improper supplemental expert disclosures, arguing that the supplemental disclosures were served more than a month after Plaintiffs' expert

1

disclosure deadline, after Defendant had moved for summary judgment for lack of expert testimony, and after Defendant's expert disclosures and reports were served. Plaintiffs in turn move for an order modifying the Scheduling Order to extend expert discovery and all remaining case deadlines for sixty days after final depositions have occurred. Defendant also moves for a protective order staying further fact or expert witness depositions until after resolution of its motion for summary judgment and motion to strike Plaintiffs' untimely expert disclosures.

On April 16, 2013 a Scheduling Order was issued requiring, among other things, that Plaintiffs exchange expert disclosures by June 17, 2013. (Docket no. 32). Defendant's expert disclosures were due by July 17, 2013 and the close of expert discovery was set for August 19, 2013. (Docket no. 32). Fact discovery closed on March 15, 2013, with the exception that the parties agreed to allow fact witness depositions to continue beyond the March 15, 2013 deadline. (Docket no. 31). No trial date has been set.

On June 17, 2013 Plaintiffs identified two economic damages experts, Dr. Robert Ancell and David Hammel, and exchanged expert reports. On June 25, 2013, Defendant filed a motion for summary judgment, arguing for dismissal on the grounds that Plaintiffs failed to identify any expert on the issues of product defect and causation. (Docket no. 35). On July 17, 2013, Plaintiffs served a copy of a supplemental expert disclosure identifying Dr. Michael Rosen as an expert. Plaintiffs served a second supplemental expert disclosure identifying Dr. Guy Voeller as an expert on or around July 29, 2013. Plaintiffs now claim that they informed defense counsel on June 17, 2013 that their expert disclosures would have to be supplemented to compensate for the fact that the parties had been unable to schedule key depositions and complete discovery. Plaintiffs also claim that they requested an extension of Scheduling Order dates around the time they filed their first motion to

compel and they made subsequent requests in their response to Defendant's motion for summary judgment and in their second motion to compel.

Plaintiffs argue that the disclosures for Dr. Michael Rosen and Dr. Guy Voeller were preliminary in nature only, as discovery remained incomplete without the depositions of key witnesses. Plaintiffs also argue that Dr. Rosen is not a new witness because they identified him as an expert witness in their preliminary witness list. (Docket no. 12). Plaintiffs contend that they have noticed 30(b)(6) depositions and have made repeated efforts, without success, to work with Defendant to schedule outstanding depositions and complete discovery. On August 12, 2013 Defendant moved the Court for a protective order to defer fact or expert witness depositions until after the resolution of its motion for summary judgment and motion to strike. (Docket no. 46).

Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure require a party to disclose the identity of any witness it may use at trial to present expert testimony and provide a written expert report containing a complete statement of the opinions the expert will express and the basis and reasons for them; the data or other information considered by the expert in forming his or her opinion; any exhibits that will be used; the experts' qualifications; a list of all cases in which the expert has testified; and a statement of the compensation to be paid to the expert. The Rule provides that these disclosures must occur at the times and in the sequence that the court orders and must be supplemented as necessary under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(D) and (E). In the absence of a stipulation or court order, the disclosures must be made at least ninety days before the trial date or the date the case is to be ready for trial. Fed.R.Civ.P. 26(a)(2)(D)(i). In addition, Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion,

3

at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless." *Heartland Rehab. Serv., Inc. v. Mekjian*, No. 06-11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007) (citing cases).

Plaintiffs' supplemental expert disclosures served July 17, 2013 and July 29, 2013 were filed past the date on which Plaintiffs' expert disclosures were due but were filed within the time period for expert discovery. Plaintiffs have shown that they have made several requests for extensions of dates and have made efforts to complete outstanding discovery. The Court finds that Plaintiffs' failure to identify its experts and exchange final expert reports by the Court's deadline of June 17, 2013 was substantially justified. Since no trial date has been set, Defendant will not be unduly prejudiced if dates are extended and Plaintiffs are given additional time to complete expert disclosures. In addition, a limited extension of expert discovery will cure any prejudice that Defendant may suffer as a result of discovery being closed.

Accordingly, the Court will deny Defendant's motion to strike Plaintiffs' supplemental expert disclosures and will grant Plaintiffs' motion to modify the Scheduling Order to extend remaining case deadlines and to permit Plaintiffs to supplement expert disclosures. The Court will also deny Defendant's motion for a protective order since Defendant's have not shown good cause for staying further fact or expert witness depositions.

**IT IS THEREFORE ORDERED** that Defendant's motion to strike Plaintiffs' untimely expert disclosures (docket no. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for protective order (docket no. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to modify the Scheduling Order to extend remaining case deadlines and to permit Plaintiffs to supplement expert disclosures (docket no. 59) is **GRANTED** as follows:

1. Rule 30(b)(6) depositions and the deposition of Steve Bloor must be completed by: January 31, 2014.
2. Plaintiffs' Supplemental Expert Reports due: February 21, 2014.
3. Defendant's Rebuttal Expert Reports due: March 21, 2014.
4. Closing date for Expert Discovery: April 22, 2014.
5. Dispositive Motions due: May 23, 2014.
6. All other provisions of the January 25, 2012 Scheduling Order remain in effect.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 10, 2013          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 10, 2013          s/ Lisa C. Bartlett
                                  Case Manager