**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT and KAROL AVENDT,

Plaintiffs,

v.

CIVIL NO. 11-15538
HON. PAUL D. BORMAN

COVIDIEN INC., a Delaware Corporation,

Defendant.
_________________________________/

**DEFENDANT COVIDIEN INC.'S MOTION TO STRIKE PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT DISCLOSURE AND THE SUPPLEMENTAL EXPERT REPORT OF DR. GUY VOELLER**

Defendant Covidien Inc. ("Covidien") hereby moves the Court to strike Plaintiffs' Second Supplemental Expert Disclosures and the Supplemental Report of Dr. Guy Voeller. In support thereof, Covidien states as follows.

1. Plaintiffs failed to identify any medical or causation experts by their initial June 17, 2013 deadline.

2. One month later, Plaintiffs emailed a purported "supplemental" disclosure which identified Plaintiffs' treating surgeon, Michael Rosen, M.D. The disclosure did not include a written report, despite the fact that Dr. Rosen's purported opinions went far beyond the scope of his treatment and care of Plaintiff.

3. The following week, Plaintiffs emailed another untimely expert disclosure which identified Dr. Guy Voeller and included a written report.

4. On August 1, 2013, Covidien filed a motion to strike Plaintiffs' untimely expert disclosures. (Doc. 42.)

5. Plaintiffs opposed the motion on grounds that the reports were preliminary because Plaintiffs had not conducted Rule 30(b)(6) and fact depositions.
6. The Court ultimately denied Covidien's motion so that Plaintiffs could be permitted additional discovery, including 30(b)(6) depositions. Plaintiffs' deadline for supplementing their expert reports was February 21, 2014. (Doc. 75, at 5.)
7. On February 21, 2014, Plaintiffs emailed a Second Supplemental Expert Disclosure, which again identified only Dr. Rosen and Dr. Voeller. In fact, Dr. Rosen's purported opinions were identical to those previously prepared and submitted by Plaintiffs' counsel on July 17, 2013. Again, there was no report written and signed by Dr. Rosen, despite the fact that his purported opinions go beyond the scope of his treatment and care of Plaintiff.
8. Plaintiffs likewise resubmitted the identical report of Dr. Voeller, with two exceptions. First, the report conveniently contained one additional paragraph opining that Plaintiffs' injuries were related to the use of Permacol in a "bridging technique." The report provided no basis for the newly purported opinions. Second, the report contained a footnote stating that Dr. Voeller was reviewing additional materials and would be relying on those materials in further forming his opinions in this case.
9. Plaintiffs' Second Supplemental Expert Disclosure should be stricken because it does not comply with Rule 26. Specifically, Dr. Voeller's supplemental report should be stricken because it does not contain a "complete statement of all opinions the witness will express and the basis for them." Fed. R. Civ. P. 26(a)(2)(B)(ii). In fact, the

report specifically states that Dr. Voeller is still reviewing additional materials and intends to rely upon them in support of his supplemental opinions.

10. Further, the purported opinions of Dr. Rosen go beyond his treatment and care of Plaintiff despite the fact that he has not provided a written and signed report.

11. Pursuant to Local Rule 7.1, Counsel for Covidien conferred with Counsel for Plaintiffs regarding the nature and basis for this Motion and did not obtain concurrence in the relief sought.

12. A supporting Brief is attached and is incorporated herein by reference.

WHEREFORE, Covidien respectfully requests that the Court grant this Motion and strike Plaintiffs' Second Supplemental Expert Disclosure and Dr. Voeller's supplemental expert report. In the alternative, Covidien requests that the Court limit Dr. Rosen's opinions to those related to and formed during his treatment and care of Plaintiff, and preclude Dr. Voeller from offering any opinions relying on materials he had not reviewed at the time he drafted and submitted his report, or regarding the use of Permacol in a bridging technique.

Date: April 9, 2014

/s/ Matthew H. Letzmann
Matthew H. Letzmann (P66269)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800
Fax: (248) 971-1801

Devin K. Ross
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816.474.6550

Fax: 816.421.5547
**Attorneys for Defendant Covidien Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Devin K. Ross
Devin K. Ross
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816.474.6550
Fax: 816.421.5547
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT and KAROL AVENDT,

Plaintiffs,

CIVIL NO. 11-15538
HON. PAUL D. BORMAN

v.

COVIDIEN INC., a Delaware Corporation,

Defendant.
_________________________________/

**DEFENDANT COVIDIEN INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT DISCLOSURE AND THE SUPPLEMENTAL EXPERT REPORT OF DR. GUY VOELLER**

## CONCISE STATEMENT OF ISSUES PRESENTED

Should the Court strike Plaintiffs' Second Supplemental Expert Disclosure and Supplemental Report of Dr. Guy Voeller where neither comply with the requirements of Fed. R. Civ. P. 26?

Covidien Inc. answers "Yes."

Plaintiffs answer "No."

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 26

Fed. R. Civ. P. 37

*Ulbrick v. UPR Products, Inc.*, No. 08-13764, 2011 WL 500034 (E.D. Mich., Feb. 8, 2011)

*Kirk v. Bostock*, No. 09-15018, 2012 WL 954716 (E.D. Mich., March 21, 2012)

*Vaughn v. HomeGoods, Inc.*, 2008 WL 4239505 (E.D. Mich., Sept. 11, 2008)

*United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F.Supp.2d 94, 98 (D.D.C. 2002)

*Siburt v U.S. Bank*, No. 10-C-135, 2011 WL 3687614 (E.D. Wis., Aug. 23, 2011)

*Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007)

*Rogers v. Detroit Edison Co.*, 328 F.Supp.2d 687 (E.D. Mich. 2004)

*Ridder v. City of Springfield*, 108 F.3d 1377, 1997 WL 117024 (6th Cir. 1997)

*Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011)

*Nemeth v. Citizens Fin. Group*, No. 08-cv-15326, 2012 WL 3278968 E.D. Mich., August 10, 2012)

*Patterson v. County of Wayne*, 259 F.R.D. 286 (E.D. Mich. 2009)

*SG Industries, Inc. v. RSM McGladrey, Inc.*, No. 10-cv-11119, 2011 WL 6090247 (E.D. Mich., Dec. 7, 2011)

**DEFENDANT COVIDIEN INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT DISCLOSURE AND THE SUPPLEMENTAL EXPERT REPORT OF DR. GUY VOELLER**

## I. Introduction

Despite being given a second chance, Plaintiffs have failed to submit expert disclosures and reports that comply with the requirements of Fed. R. Civ. P. 26. As such, Plaintiffs' Second Supplemental Expert Disclosure (**Exhibit A**) and the supplemental report of Dr. Guy Voeller (**Exhibit B**), should be stricken.

Plaintiffs' initial deadline to disclose experts in this case was June 17, 2013. On that date, however, Plaintiffs only identified experts on the issue of economic damages. They disclosed no experts on the issues of product defect or medical causation. One month later, Plaintiffs emailed a purported "supplemental" expert disclosure which identified one of Plaintiffs' treating surgeons, Dr. Michael Rosen. The disclosure did not include a report written and signed by Dr. Rosen, despite the fact that Dr. Rosen's purported opinions far exceeded the scope of his treatment and care of Plaintiff. Covidien immediately requested a meet-and-confer regarding this untimely and insufficient disclosure.

Before that meet-and-confer could take place, Plaintiffs emailed a second untimely expert disclosure which for the first time identified a retained expert, Dr. Guy Voeller. Dr. Voeller submitted a written report which contained opinions limited to product testing and the scope of published literature on Permacol. On August 1, 2013, Covidien filed a motion to strike both of Plaintiffs' untimely expert disclosures. (Doc. 42.)

Plaintiffs opposed Covidien's Motion to Strike. In addition to asserting excusable neglect, Plaintiffs argued that "both disclosures were preliminary in nature only, as fact

discovery remains incomplete without the depositions of key witnesses." (Doc. 58, at 6.) The Court was ultimately sympathetic to this argument and denied the motion so as to provide Plaintiffs with an opportunity to cure their defective disclosures after additional discovery. (Doc. 76.) The parties were ordered to conduct Rule 30(b)(6) and fact depositions by January 31, 2014, which they did.

Plaintiffs' deadline for supplementing their disclosures was February 21, 2014. (Doc. 75, at 5.) On that date, Plaintiffs emailed a Second Supplemental Expert Disclosure, which again identified only Dr. Rosen and Dr. Voeller. (**Exhibit A**.) Notably, despite the additional discovery and depositions, Plaintiffs resubmitted the report of Dr. Voeller, which was identical to the first version except for two minor revisions. (**Exhibit B**.) First, the report contained one new paragraph which opined that Plaintiffs' injuries were related to the use of Permacol in a "bridging technique." (*Id*. at 3) The report provided no basis for this new opinion. Second, the report contained a new footnote stating that Dr. Voeller was reviewing additional materials which he would be relying on to support his supplemental opinions. (*Id*. at 2.)

Dr. Rosen's purported opinions were identical to those previously written by Plaintiffs' counsel in July 2013. As before, there was no report written and signed by Dr. Rosen, despite the fact that his purported opinions go beyond the scope of his treatment and care of Plaintiff.

Plaintiffs' Second Supplemental Expert Disclosure should be stricken because it does not comply with Rule 26. Specifically, Dr. Voeller's supplemental report does not contain a "complete statement of all opinions the witness will express and the basis for them." Fed. R. Civ. P. 26(a)(2)(B)(ii). The report specifically states that Dr. Voeller is still reviewing additional materials and intends to rely upon them in further forming his opinions. Further, the purported

opinions of Dr. Rosen go beyond his treatment and care of Plaintiff despite the fact that he has not provided a written and signed report.

Covidien respectfully requests that the Court grant this Motion and strike Plaintiffs' Second Supplemental Expert Disclosure and Dr. Voeller's supplemental expert report. In the alternative, Covidien requests that the Court issue an Order limiting Dr. Rosen's opinions to those related to and formed during his treatment and care of Plaintiff, and precluding Dr. Voeller from offering any opinions relying on materials he had not reviewed at the time he drafted and submitted his report, or regarding the use of Permacol in a bridging technique.

## II. Argument

### A. Standard

Fed. R. Civ. P. 26(a)(2) sets forth the specific requirements for the disclosure of expert witnesses. If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial . . . ." Fed. R. Civ. P. 37(c)(1). "Under these circumstances, the court is also permitted to enter—as an additional or substitute sanction—any of the sanctions listed in Rule 37(b)(2)(A)(I)-(vi)." *Ulbrick v. UPR Products, Inc.*, No. 08-13764, 2011 WL 500034 at *4 (E.D. Mich., Feb. 8, 2011). These sanctions include "striking pleadings in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(iii).

"The party subject to sanctions has the burden of proving that his failure to disclose was either substantially justified or harmless." *Kirk v. Bostock*, No. 09-15018, 2012 WL 954716, at *8 (E.D. Mich., March 21, 2012). "The Sixth Circuit has treated the 'harmless' requirement as

referring to the nature of the party's failure to disclose and not the effect on the opposing party." *Vaughn v. HomeGoods, Inc.*, 2008 WL 4239505, *2 (E.D. Mich. Sept. 11, 2008).

**B. Dr. Voeller's supplemental report should be stricken because it fails to comply with Rule 26(a).**

Rule 26(a) requires a "complete statement of all opinions the witness will express and the basis for them." Fed. R. Civ. P. 26(a)(2)(B)(ii). Dr. Voeller's supplemental report should be stricken because it fails in both respects. *See, e.g.*, *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F.Supp.2d 94, 98 (D.D.C. 2002) (striking plaintiff's expert report for failure to meet the requirements of Rule 26(a)(2)); *Siburt v U.S. Bank*, No. 10-C-135, 2011 WL 3687614, *5–6 (E.D. Wis., Aug. 23, 2011) (same).

As set forth above, Dr. Voeller's supplemental report contains only one new paragraph. Therein, Dr. Voeller offered the opinion that "In Mr. Avendt's case, the Permacol was used as a bridge and, predictably, resulted in product failure." (**Exhibit B** at 3.) The report offers this conclusory statement only, and provides no basis whatsoever as required by the plain language of Fed. R. Civ. P. 26(a)(2)(B)(ii). (*Id.*)

The reason Dr. Voeller provided no basis for this new opinion is obvious. In footnote number 2, Dr. Voeller casually asserts that he is still "in the process" of reviewing materials from Plaintiffs' counsel "on surgical technique, especially bridging," and that he intends to rely on those materials to supplement and/or support his opinions. (*Id.*)

Thus, by Dr. Voeller's own admission, his supplemental report does not include a "complete statement of all opinions the witness will express and the basis for them." Fed. R. Civ. P. 26(a)(2)(B)(ii). Rather, he is still reviewing the very materials he intends to rely on for the cursory opinion he has already provided.

Dr. Voeller's report is yet another example of Plaintiffs' attempt to provide untimely, insufficient, and piecemeal expert disclosures in this case. The Court already gave Plaintiffs an opportunity to supplement their "preliminary" expert disclosures, and that deadline has passed. Dr. Voeller's supplemental report does not comply with Rule 26 and should be stricken.

**C. Plaintiffs' Second Supplemental Expert Disclosure should be stricken because Dr. Rosen's purported opinions exceed the scope of his treatment and care of Plaintiff**

Plaintiffs have also failed to cure their insufficient disclosure of Dr. Rosen. As with their "preliminary" disclosure, Plaintiffs' supplemental disclosure did not include a written report prepared and signed by Dr. Rosen. Rather, Plaintiffs merely copied the old disclosure, prepared by counsel, into the new document. (**Exhibit A**.) By failing to provide a written report by Dr. Rosen, Plaintiffs' Second Supplemental Expert Disclosure does not comply with Rule 26 and should also be stricken.

"Under Rule 26, a party is not required to submit an expert report for a treating physician *if the physician testifies to issues related to the plaintiff's treatment based on information learned during treatment and from plaintiff's records*." *Kirk v. Bostock*, No. 09-15018, 2012 WL 954716, at *2 (E.D. Mich., March 21, 2012) (emphasis added). However, "when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(b) requires the filing of an expert report from that treating physician." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007); *see also, e.g., See e.g., Rogers v. Detroit Edison Co.*, 328 F.Supp.2d 687, 689 (E.D.Mich. 2004) ("[A] majority of courts hold that a Rule 26(a)(2)(B) report is not required from a treating physician *unless the physician will testify to matters learned outside the scope of treatment*.) (emphasis added); *Ridder v. City of Springfield*,

108 F.3d 1377, 1997 WL 117024, at *4 (6th Cir. 1997) (allowing plaintiff's treating physicians to testify without a Rule 26(a)(2)(B) expert report "so long as they do not purport to testify beyond the scope of their own diagnosis and treatment); *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819–20 (9th Cir. 2011) ("[W]hen a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2).")

Further, this Court has previously, and quite recently, limited the scope of a treating physician's opinions "on matters regarding causation" to those "*required* to treat the Plaintiff." *Kirk v. Bostock*, No. 09-15018, 2012 WL 954716, at *2 (E.D. Mich., March 21, 2012) ("If the basis of the treating physician's opinion regarding causation goes beyond what was required to treat Plaintiff, then it must be excluded.") (emphasis in original); *see also Nemeth v. Citizens Fin. Group*, No. 08-cv-15326, 2012 WL 3278968, at *5 (E.D. Mich., August 10, 2012) (holding that a treating physician may "opine as to causation to the extent such an opinion is a natural part of the treating relationship").

In sum, "to avoid having to file written reports, the testimony must not stray from the core of the physician's treatment—i.e, 'what the physician learned through actual treatment and from the plaintiff's records leading up to and including that treatment.'" *Patterson v. County of Wayne*, 259 F.R.D. 286, 289 (E.D. Mich. 2009) (*quoting Fielden v. CSX Transport*, 482 F.3d 866, 869 (6th Cir. 2007); *see also SG Industries, Inc. v. RSM McGladrey, Inc.*, No. 10-cv-11119, 2011 WL 6090247, at *7 (E.D. Mich., Dec. 7, 2011) ("A treating physician need not submit an expert report only if he or she did not purport to testify beyond the scope of their own diagnosis and treatment.") (internal quotations omitted).

Here, Plaintiffs' Second Supplemental Expert Disclosure purports to stretch Dr. Rosen's opinions far beyond his care and treatment of Plaintiff. The disclosure indicates that Dr. Rosen will testify regarding such concepts as product testing and development, the need for animal and human clinical trials, the manufacturing process for Permacol including the use of hexamethylenediisocyanate, chemical cross-linking, and gamma irradiation sterilization, cytotoxicity from chemical residue, cellular response to biologic grafts, purported "immunological disadvantages" of cross-linking, and the level of care Plaintiff received from other physicians. (**Exhibit A** at 2.)

As Plaintiffs' purported opinions of Dr. Rosen stray from his core treatment and care of Plaintiff, a written report by Dr. Rosen was required under Rule 26. The Court already provided Plaintiffs with an opportunity to cure this defect, and they failed to do so. Therefore Plaintiffs' Second Supplemental Expert Disclosure (**Exhibit A**) should be stricken pursuant to Rule 37. *See Patterson*, 259 F.R.D. at 290 (E.D. Mich. 2009) ("Because Plaintiff has failed to provide Defendants with an expert witness report from Dr. Shiener, the Court bars his testimony at trial.") In the alternative, the Court should issue an Order limiting the scope of Dr. Rosen's opinions to those related to and formed during his treatment and care of Plaintiff. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007) ("[W]hen the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(b) requires the filing of an expert report from that treating physician." )

## III. Conclusion

In August 2013, Plaintiffs opposed Covidien's motion to strike on grounds that their insufficient expert disclosures were the result of their inability to conduct certain depositions in

this case. Relying on that representation, the Court denied the motion to allow Plaintiffs an opportunity to supplement their disclosures on February 21, 2014. On that date, all the Plaintiffs were able to muster was the addition of one unsupported paragraph to Dr. Voeller's report and a footnote indicating that he was still in the process of reviewing materials.

Plaintiffs' Second Supplemental Expert Disclosure should be stricken because it does not comply with Rule 26. Dr. Voeller's supplemental report fails to comply with Rule 26 because it does not contain a "complete statement of all opinions the witness will express and the basis for them." Fed. R. Civ. P. 26(a)(2)(B)(ii). Further, the purported opinions of Dr. Rosen go beyond his treatment and care of Plaintiff despite the fact that he has not provided a written and signed report.

WHEREFORE, Covidien respectfully requests that the Court grant this Motion and strike Plaintiffs' Second Supplemental Expert Disclosure and Dr. Voeller's supplemental expert report. In the alternative, Covidien requests that the Court issue an Order limiting the scope of Dr. Rosen's opinions to those related to and formed during his treatment and care of Plaintiff, and precluding Dr. Voeller from offering any opinions regarding relying on materials he had not reviewed at the time he drafted and submitted his report, or regarding the use of Permacol in a bridging technique.

/s/ Matthew H. Letzmann
Matthew H. Letzmann (P66269)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800
Fax: (248) 971-1801

Devin K. Ross
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816.474.6550
Fax: 816.421.5547

**Attorneys for Defendant Covidien Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Devin K. Ross
Devin K. Ross
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816.474.6550
Fax: 816.421.5547
Attorneys for Defendant