IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT and KAROL AVENDT,

    Plaintiffs,

                                    CIVIL NO. 11-15538
                                    HON. PAUL D. BORMAN

    v.

COVIDIEN INC., a Delaware Corporation,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT COVIDIEN'S MOTION TO STRIKE PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT REPORT OF DR. GUY VOELLER**

Plaintiffs Robert and Karol Avendt hereby respond with their opposition to Covidien's Motion to Strike Plaintiffs' Second Supplemental Expert Report of Dr. Guy Voeller.

For the reasons set forth in the accompanying Brief in Support, Plaintiffs request that Defendant's Motion be denied.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court (1) deny Defendant's Motion to Strike Plaintiffs' Second Supplemental Expert Report of Dr. Guy Voeller and (2) order any other relief the Court deems necessary and just.

DATED this 24th of April, 2014.

                                      Respectfully submitted,

                                      /s/ Courtney Goldsworthy
                                      COURTNEY GOLDSWORTHY (P68648)
                                      Witt & Goldsworthy, PLLC
                                      1515 Wynkoop St. Suite 360
                                      Denver, Colorado 80202
                                      courtney@wittgolds.com
                                      Phone: 720-295-4095
                                      Fax: 720-452-4010

                                      **ATTORNEYS FOR PLAINTIFFS**

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT COVIDIEN'S MOTION TO STRIKE PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT REPORT OF DR. GUY VOELLER**

## CONCISE STATEMENT OF ISSUES PRESENTED

Should the Court strike Plaintiffs' Second Supplemental Expert Disclosure and Supplemental Report of Dr. Guy Voeller?

Plaintiffs answer "No."

Defendant answers "Yes."

## TABLE OF AUTHORITIES

**CASES**

Fielden v. CSX Transp., Inc.,
  482 F.3d 866 (6th Cir. 2007) ................................................................................... 7
Hinkle v. Ford Motor Co.,
  2013 WL 1992834 (E.D. Ky. May 13, 2013) ......................................................... 7
Kirk v. Bostock,
  2012 WL 954716 (E.D. Mich. Mar. 21, 2012) ....................................................... 7
Mohney v. USA Hockey, Inc.,
  138 F. App'x 804 (6th Cir. 2005) ............................................................................ 7
Roberts ex rel. Johnson v. Galen of Virginia, Inc.,
  325 F.3d 776 (6th Cir. 2003) ................................................................................. 11
Salas v. United States,
  165 F.R.D. 31 (W.D.N.Y. 1995) ............................................................................. 7
Ulbrick v. UPR Products, Inc.,
  2011 WL 500034 (E.D. Mich. Feb. 8, 2011) ........................................................ 11
Wilson v. Hill,
  2:08-CV-552, 2012 WL 1068174 (S.D. Ohio Mar. 29, 2012) ................................ 9

**RULES**

Fed. R. Civ. P. 26 ........................................................................................... 6, 7, 10, 12
Fed. R. Civ. P. 26, 2010 .......................................................................................... 6, 9
Fed. R. Civ. P. 26(a) or (e) ......................................................................................... 10
Fed. R. Civ. P. 26(a)(2) (B) ......................................................................................... 7
Fed. R. Civ. P. 26(a)(2)(B) ................................................................................. passim
Fed. R. Civ. P. 26(a)(2)(C) .................................................................................. 6, 8, 9
Fed. R. Civ. P. 37 ................................................................................................ 10, 11
Fed. R. Civ. P. 37(b)(2) (A)(iii) ................................................................................. 10
Federal Rule of Evidence 702, 703, or 705 ................................................................. 6
Rule 26, 2010 .............................................................................................................. 6
Rule 26(a)(2)(A) ......................................................................................................... 6

*Introduction*

This is a products liability case involving a Permacol, a medical device used in hernia repair surgery. This matter has not been set for trial. Due to the complex nature of the issues and facts in this case, at the Rule 26(f) conference, the Parties agreed to bifurcate discovery into two phases, fact and expert. Expert discovery is set to close on May 30, 2014. Dr. Rosen was identified as an expert witness in Plaintiffs' Preliminary Witness List filed on August 15, 2012 (Doc. 12). Further, Dr. Voeller is an expert general surgeon specializing in abdominal wall reconstruction and hernia repair. Plaintiffs informed Defendant that they would produce an expert in this field in their Preliminary Witness list.

Pursuant to the Court's most recent Scheduling Order, the Parties completed 30(b)(6) depositions by January 31, 2014. Plaintiffs then submitted supplemental expert disclosures for Guy Voeller, MD and Michael Rosen, MD on February 21, 2014. On March 7, 2014, Defendant deposed Plaintiffs' economic damages experts. Around that time, counsel scheduled the depositions of Drs. Rosen and Voeller for April 11, 2014 and April 17, 2014, respectively. On March 11, 2014, Defendant cancelled Dr. Rosen's deposition and on April 9, 2014, Defendant cancelled Dr. Voeller's deposition. Presumably, the cancellations were due to Defendant's opposition to Plaintiffs' pending Motion for Leave to file their First Amended Complaint and Defendant's desire to resolve this instant Motion prior to proceeding with expert depositions. On April 9, 2014, counsel conferred regarding the cancellation of Dr. Voeller's deposition, the basis of this instant Motion, and other outstanding depositions.

By way of its Motion to Strike, Covidien now seeks to challenge the sufficiency of Dr.

Voeller's report and the form of Dr. Rosen's report.[1] This is yet another attempt by Covidien to delay the completion of the few remaining expert depositions and the resolution of this case.

*Argument*

**Fed. R. Civ. P. 26(a)(2)(C)**

In its Motion, Covidien is challenging the form of Plaintiffs' expert report for Dr. Rosen. It has been Plaintiffs' position from the outset of this matter that Dr. Rosen is not subject to the requirements of Rule 26(a)(2)(B) insofar as he is one of Plaintiff's treating physicians. Specifically, Fed. R. Civ. P. 26(a)(2)(C) provides: "[u]nless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C)."

The 2010 Amendments to Rule 26 requires only that Plaintiffs provide "summary disclosures of the opinions to be offered ... and of the facts supporting those opinions." Fed. R. Civ. P. 26, 2010 Advisory Committee's Note. The Rule 26, 2010 Advisory Committee Note further states that the 2010 amendment "resolve[d] a tension that has sometimes prompted courts to require reports under Fed. R. Civ. P. 26(a)(2)(B) even from witnesses exempted from the report requirement;" that the disclosure requirements under subdivision (a)(2)(C) are "considerably less extensive than the report required by Fed. R. Civ. P. 26(a)(2)(B);" and that courts "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and

---

[1] The facial challenges set forth in Defendant's Motion to Strike are arguments that are more appropriately raised in a motion *in limine* and as such, it is Plaintiffs' position that these arguments are premature and inappropriate reasons to delay expert depositions.

[2] Some of the documentation provided to Dr. Voeller was in possession of Plaintiff for a period of time prior to Defendant's January 2014 production of documents and 30(b)(6) depositions. However, without the opportunity to

6

may not be as responsive to counsel as those who have." *Id.* The Notes specify:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Under Fed. R. Civ. P. 26, a party is not required to submit an expert report for a treating physician if the physician testifies to issues relating to the plaintiff's treatment based on information learned during treatment and from plaintiff's records. Fielden v. CSX Transp., Inc., 482 F.3d 866, 871 (6th Cir. 2007). "However, when the [treating physician's] opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Fed. R. Civ. P. 26(a)(2) (B)." Kirk v. Bostock, 09-15018, 2012 WL 954716 (E.D. Mich. Mar. 21, 2012) quoting *Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995)*. As such, "an expert report is not required if the treating physicians' testimony about causation and prognosis is based on personal knowledge *and* on observations obtained during the course of care and treatment." Kirk, 2012 WL 954716 quoting *Seymour v. United States Postal Serv.*, 2008 U.S. Dist. LEXIS 27722 (W.D.Tenn. Apr. 4, 2008).

Further, cases interpreting the 2010 amendment to Fed. R. Civ. P. 26 hold that treating physicians, even for causation testimony, are not included among the retained experts who must file disclosures under Fed. R. Civ. P. 26(a)(2)(B)- particularly if they reached their causation opinions as part of medical treatment and *not* through later correspondence with or payment by counsel. *See* Hinkle v. Ford Motor Co., CIV.A. 3:11-24-DCR, 2013 WL 1992834 (E.D. Ky. May 13, 2013)(*emphasis added*). If, however, the "treating physician's opinion is rendered in

7

anticipation of litigation, courts have held that 'causation is beyond the scope of the testimony a treating physician may provide without tendering an expert disclosure report.'" Mohney v. USA Hockey, Inc., 138 F. App'x 804, 811 (6th Cir. 2005)(*citation omitted*)

Based upon the foregoing relevant case law as applied to the facts of the instant case, it is clear that Plaintiffs were not required to file a Fed. R. Civ. P. 26(a)(2)(B) disclosure for Dr. Rosen. Although Defendant argues that Dr. Rosen's opinions go beyond the facts disclosed to him during treatment and care of Plaintiff Avendt, Dr. Rosen was not specifically retained to develop opinion testimony in this matter. Dr. Rosen's extensive pre-existing knowledge of the use of biologics in abdominal wall reconstruction was crucial and necessary in order for him to proceed effectively with treatment of Plaintiff Avendt's condition. Further, Dr. Rosen's testimony is based on both personal knowledge of Permacol use in ventral incisional hernia repairs prior to Plaintiff Avendt's surgery as well as observations made during the course of treatment. Dr. Rosen's opinions are based on his personal knowledge of Plaintiff Avendt's case, his expertise in the area of complex abdominal wall reconstruction surgeries and specific research in the area of biologic mesh use in abdominal wall reconstruction and hernia repairs.

Dr. Rosen was Plaintiff Avendt's treating physician in 2010. Dr. Rosen was not hired to evaluate or treat Plaintiff in anticipation of litigation. Indeed, Dr. Rosen was selected by Dr. Ash, Plaintiff's surgeon, due to his knowledge, research and experience as one of the nation's preeminent experts in the field of complex abdominal wall reconstruction surgeries and biologic mesh use in abdominal wall reconstruction and hernia repairs. Dr. Rosen has not been compensated for his work in this case. Dr. Rosen has not been provided any documents outside of Plaintiff's medical records, which he already possessed in his file prior to counsel conferring with him. Dr. Rosen relied on his experience and training and did not perform any additional

research outside of his treatment of Mr. Avendt in formulating his opinions on injury causation. Dr. Rosen will testify that he reached his opinions on causation during the course of treatment of Plaintiff Avendt, and not in anticipation of litigation. As such, Dr. Rosen is only obliged to provide a report with the information required by Fed. R. Civ. P. 26(a)(2)(C).

Defendant does not (and cannot) assert that Dr. Rosen's disclosure fails to include the information required by Fed. R. Civ. P. 26(a)(2)(C). By design, the summary report required under Fed. R. Civ. P. 26(a)(2)(C)"is considerably less extensive than the report required by Fed. R. Civ. P. 26(a)(2)(B)." Fed. R. Civ. P. 26, 2010 Advisory Committee's Note. Because Defendant has "not specified any deficiency in this disclosure under Fed. R. Civ. P. 26(a)(2)(C)," its motion to strike should be denied. Wilson v. Hill, 2:08-CV-552, 2012 WL 1068174, , *6 (S.D. Ohio Mar. 29, 2012).

### Fed. R. Civ. P. 26(a)(2)(B)

Defendant also challenges the sufficiency of the report of Plaintiffs' expert surgeon, Dr. Voeller. Fed. R. Civ. P. 26(a)(2)(B) provides that "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them; **(ii)** the facts or data considered by the witness in forming them; **(iii)** any exhibits that will be used to summarize or support them; **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years; **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and **(vi)** a statement of the compensation to be paid for the study and testimony in the case."

Defendant claims Dr. Voeller's report is insufficient with respect to the first requirement of, alleging that the report lacks "a complete statement of all opinions the witness will express and the basis and reasons for them." (Def. Motion at p.12) The basis for Dr. Voeller's opinion on bridging is his expertise, his review of Plaintiff's medical records, his review of scientific literature, his experience and the information provided to him by counsel based upon the January 2014 depositions and January 2014 production of documents made by Defendant which contained information related to bridging. A footnote in Dr. Voeller's report served to inform Defendant that as of February 21, 2014, Dr. Voeller was reviewing this additional material on this particular issue (bridging), which included deposition testimony of Covidien and the additional documents produced by Defendant in January 2014. As of the date of this Response brief, Dr. Voeller has completed the review of the additional material supplied to him by counsel and, in accordance with Rule 26(e)(2) obligations has prepared a supplement to his report. See Supplemental Disclosures dated 4/23/14, attached hereto as **Exhibit A**. Dr. Voeller will testify that his opinions on bridging technique were formed as of the date of his February 21, 2014 report. He will further testify that those opinions have not changed as a result of reviewing the additional material and that the additional material only serves to support his existing opinion. Plaintiffs should not suffer the consequences of this Court striking the report based upon this footnote, as it would punish their effort to maintain compliance with the deadlines set forth in the Scheduling Order.

## Rule 37

It is also Plaintiffs' position that they complied with their expert disclosure obligations under Fed. R. Civ. P. 26 and in accordance with the Court's December 10, 2013 order. Fed. R. Civ. P. 37 states,"[i]f a party *fails to provide information* or identify a witness as required by

Fed. R. Civ. P. 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."(*emphasis added*). Fed. R. Civ. P. 37 states, "If a party ... *fails to obey* an order to provide or permit discovery ... the court ... may ... strik[e][the] pleadings in whole or in part .... " Fed. R. Civ. P. 37(b)(2) (A)(iii)(*emphasis added*). Here, Plaintiffs have not failed to provide information, have identified all witnesses in a timely fashion, and have not failed to obey an order to permit discovery. Rather, Plaintiffs properly disclosed expert reports in accordance with the Scheduling Order. The case cited by Defendant in which Fed. R. Civ. P. 37 sanctions were imposed, *Ulbrick*, is completely distinguishable from the instant matter simply because, as previously mentioned, Plaintiffs have not failed to provide expert reports. Defendant argues that Plaintiffs' reports are insufficient, whereas *Ulbrick* involved a complete lack of an expert report. ("This is not a case of a deficient expert report, but rather an entirely missing expert report.") Ulbrick v. UPR Products, Inc., CIV. 08-13764, 2011 WL 500034 (E.D. Mich. Feb. 8, 2011) As such, Plaintiffs should not be subjected to Fed. R. Civ. P. 37 sanctions.

Should the Court find otherwise**,** the party seeking to avoid the Fed. R. Civ. P. 37 sanction has the burden of showing that its delay and omission was either substantially justifiable or harmless. Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003). Dr. Voeller's primary vocation is general surgery, not as an expert witness. Although case deadlines were communicated to Dr. Voeller immediately after the Court issued its December 10, 2013 order (Doc. 75), the information Plaintiffs furnished to Dr. Voeller for review in preparing his February 21, 2014 report did not become available until the end of January 2014 and in early February 2014.[2] Due to scheduling conflicts, Dr. Voeller was unable to review the

---

[2] Some of the documentation provided to Dr. Voeller was in possession of Plaintiff for a period of time prior to Defendant's January 2014 production of documents and 30(b)(6) depositions. However, without the opportunity to

11

materials in time to be able to state that he had in fact reviewed said materials in his February 21, 2014 report. However, counsel for Plaintiffs informed Dr. Voeller of the general nature of the information furnished to him and between that, Dr. Voeller's expertise, Dr. Voeller's review of the medical records, and his education and background, Dr. Voeller was able to render an opinion on the use of a bridging technique in this case on February 21, 2014. Dr. Voeller incorporated the footnote at issue to inform Defendant of the fact that he was still in the process of reviewing information, which allowed Plaintiffs to move forward with submitting a timely report in an effort to continue diligently prosecuting their case and meeting their Scheduling Order obligations. He has since reviewed this additional material and has <u>not</u> formed new opinions based upon his review and his opinion regarding bridging (or any other opinions offered in the February 21st report) has <u>not</u> changed. Dr. Voeller has prepared a supplemental disclosure that states as such, which has been served on Defendant and is attached hereto. Therefore, the Court should not strike Dr. Voeller's report.

### *Conclusion*

Plaintiffs request that Defendant's motion to strike Plaintiffs' expert disclosures be denied. There is nothing about the Plaintiffs' behavior that warrants such a severe penalty as striking their expert witness reports when they have complied with their obligations under Fed. R. Civ. P. 26 and the deadlines set forth in the Scheduling Order. Alternatively, should the Court find that Plaintiffs failed to meet the requirements of Rule 26 with respect to Dr. Rosen's report, instead of striking the report or limiting his testimony as requested by Defendant, the Court should allow Plaintiffs to submit a report in compliance Fed. R. Civ. P. 26(a)(2)(B).

---

question Covidien on the contents and nature of the documents, it would have been meaningless and a waste of resources to provide the documents without a context to Dr. Voeller to render an opinion and analysis.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court (1) deny Defendant's Motion to Strike Plaintiffs' Expert Disclosures and (2) order any other relief the Court deems necessary and just.

DATED this 24th April, 2014.

        Respectfully submitted,

        /s/ Courtney Goldsworthy
        COURTNEY GOLDSWORTHY (P68648)
        Witt & Goldsworthy, PLLC
        1515 Wynkoop St. Suite 360
        Denver, Colorado 80202
        courtney@wittgolds.com
        Phone: 720-295-4095
        Fax: 720-452-4010

        **ATTORNEY FOR PLAINTIFFS**
        **ROBERT AND KAROL AVENDT**

### CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: April 24, 2013

        By:   /s/ Courtney Goldsworthy
               COURTNEY GOLDSWORTHY (P68648)
               Witt & Goldsworthy, PLLC
               1515 Wynkoop St. Suite 360
               Denver, Colorado 80202
               courtney@wittgolds.com
               Phone: 720-295-4095
               Fax: 720-452-4010

               **ATTORNEY FOR PLAINTIFFS**
               **ROBERT AND KAROL AVENDT**