**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT AND KAROL AVENDT,**

      Plaintiffs,                        **CIVIL ACTION NO. 11-cv-15538**

      v.                                   **DISTRICT JUDGE PAUL D. BORMAN**

**COVIDIEN INC.,**                **MAGISTRATE JUDGE MONA K. MAJZOUB**

      Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO STRIKE [87]**

This matter comes before the Court on Defendant Covidien Inc.'s Motion to Strike Plaintiffs' Second Supplemental Expert Disclosure and the Supplemental Expert Report of Dr. Guy Voeller. (Docket no. 87.) Plaintiffs Robert and Karol Avendt responded to Defendant's Motion (docket no. 91), and Defendant replied to Plaintiffs' Response (docket no. 92). The Motion has been referred to the undersigned for consideration. (Docket no. 88.) The parties have fully briefed the Motion; the undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

Plaintiffs filed this action against Defendant on November 21, 2011 in the Genesee County Circuit Court. (Docket no. 1, ex. A.) Defendant removed the action to this Court on December 19, 2011. (Docket no. 1.) The Complaint raises claims of Products Liability (Count I) and Loss of Consortium (Count II) for injuries that allegedly resulted from the implantation of Permacol surgical

mesh during an abdominal wall surgery. (*See* docket no. 1, ex. A.) In the parties' January 23, 2012 joint Discovery Plan, they agreed that Plaintiffs' expert disclosures would be due on October 15, 2012, and that Defendant's expert disclosures would be due on November 15, 2012. (Docket no. 6 at 2.) Through multiple extensions of the deadlines in the Court's Scheduling Order, Plaintiffs' and Defendant's expert disclosure deadlines were extended to June 17, 2013, and July 17, 2013, respectively. (Docket no. 32.)

On June 17, 2013, Plaintiffs identified two economic damages experts, Dr. Robert Ancell and David Hammel, and exchanged expert reports. (Docket no. 42-4.) Defendant then filed a motion for summary judgment, arguing for dismissal on the grounds that Plaintiffs failed to identify any expert on the issues of product defect and causation. (Docket no. 35). On July 17, 2013, Plaintiffs served a copy of a supplemental expert disclosure identifying Dr. Michael J. Rosen, one of Plaintiffs' treating physicians, as an expert. (Docket no. 42-5.) Plaintiffs served another supplemental expert disclosure identifying Dr. Guy Voeller as an expert on July 29, 2013. (Docket no. 42-6.) Defendant then filed a motion to strike Plaintiffs' supplemental expert disclosures as untimely and improper. (Docket no. 42.) The Court denied Defendant's motion, finding that Plaintiffs' failure to meet the expert disclosure deadline was substantially justified, and modified the Scheduling Order, extending the deadline for Plaintiffs' supplemental expert reports to February 21, 2014. (Docket no. 75.)

Plaintiffs submitted supplemental expert disclosures for Drs. Rosen and Voeller on February 21, 2014. (Docket nos. 87-3 and 87-4.) On April 9, 2014, Defendant filed the instant Motion to Strike Plaintiffs' Second Supplemental Expert Disclosure and the Supplemental Expert Report of Dr. Guy Voeller for failure to comply with Federal Rule of Civil Procedure 26. (Docket no. 87.)

2

Alternatively, Defendant "requests that the Court limit Dr. Rosen's opinions to those related to and formed during his treatment and care of Plaintiff, and preclude Dr. Voeller from offering any opinions relying on materials he had not reviewed at the time he drafted and submitted his report, or regarding the use of Permacol in a bridging technique." (*Id*. at 3.) Plaintiffs served Defendant with another supplemental expert report of Dr. Voeller on April 23, 2014 (docket no. 91-2) and then responded to Defendant's Motion to Strike on April 24, 2014 (docket no. 91). Defendant replied to Plaintiffs' Response on May 1, 2014. (Docket no. 92.) In its reply, Defendant maintains its position regarding Plaintiffs' February 2014 supplemental expert disclosures and asserts that Dr. Voeller's April 2014 supplemental expert report should also be stricken. (*See id.*)

## II.     Governing Law

Rule 26(a)(2) governs the disclosure of expert testimony. Experts and their expert testimony can fall under one of two subsections of Rule 26(a)(2) – those experts that are retained or employed specially to provide testimony (subsection B) and those experts that are not (subsection C). Fed.R.Civ.P. 26(a)(2). Depending upon which subsection an expert falls within, a specifically detailed report must be provided to the opposing party. The subsections are as follows:

> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications

>> authored in the previous 10 years;
>>
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(B)-(C).

A party's failure to follow the expert disclosure requirements may have severe consequences. Rule 37 allows a court to preclude use of that expert and that expert's information at trial, "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Rule 37 also entitles a court to enter additional or substitute sanctions or any just orders as the court sees fit. Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi), 37(c)(1). "A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless." *Heartland Rehab. Servs., Inc. v. Mekjian*, No. 06-11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007) (citing cases).

**III.    Analysis**

In ruling upon Defendant's Motion to Strike, the Court must conduct a two-step inquiry. The Court must first determine whether Plaintiffs' experts are governed by subsection B or C of Rule 26(a)(2). After the Court conducts that inquiry, it can then determine whether Plaintiffs' supplemental expert disclosures comply with the appropriate section.

4

### A.      Dr. Michael J. Rosen's Supplemental Expert Disclosure

Dr. Michael J. Rosen is the surgeon who performed abdominal reconstruction surgery on Plaintiff Robert Avendt in January of 2010. (Docket no. 87-3 at 2.) Plaintiffs' counsel prepared and, on February 21, 2014, submitted a supplemental expert disclosure with regard to Dr. Rosen. (Docket no. 87-3.) According to Plaintiffs' counsel, Dr. Rosen is expected to testify and opine regarding the facts and circumstances surrounding his treatment of Plaintiff, the medical causation of Plaintiff's injuries, his experience in abdominal wall repair and hernia surgery, the need to evaluate and test xenograft biologic meshes, and the various processing techniques of biologic mesh manufacturers. (*Id.* at 2-3.)

It is Defendant's position that Dr. Rosen is a witness subject to the reporting requirements of Federal Rule of Civil Procedure 26(a)(2)(B) because his expected testimony and opinions exceed the scope of his treatment and care of Plaintiff. (Docket no. 87 at 13-15.) Defendant asserts that consequently, Plaintiffs' supplemental expert disclosure of Dr. Rosen should be stricken because it does not comport with the reporting requirements of Rule 26(a)(2)(B). (*Id.*) Plaintiff counters that Dr. Rosen was not hired to treat or evaluate Plaintiff in anticipation of litigation but that he was one of Plaintiff's treating physicians and should be classified as an expert witness pursuant to Rule 26(a)(2)(C), under which his expert disclosure is sufficient. (Docket no. 91 at 6-9.)

The Sixth Circuit extensively discussed the scope of the Rule 26(A)(2)(B) reporting requirement with regard to treating physicians in *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007). First, the *Fielden* court affirmed that "Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'" *Id.* at 869. The court then weighed several

5

factors commonly considered by other courts in determining whether treating physicians are subject to Rule 26(A)(2)(B) and concluded that the plaintiff's treating physician was not required to provide such a report. *Id*. at 869-72. The court considered factors such as when the physician formed his opinion as to causation, the nature and scope of the treating physician's testimony, whether allowing a treating physician to testify without an expert report would circumvent the underlying policies of Rule 26 expert disclosures, the content of the physician's testimony, and the sources relied upon by the physician in forming his opinion. *Id*. The court also acknowledged that some courts had concluded that a treating physician is required to file a Rule 26(a)(2)(B) expert report when the physician's testimony strays from the core of the physician's treatment. *Id*. at 870-71. It is this premise on which Defendant bases its entire argument. However, the cases *Fielden* cites in this respect were all decided prior to the 2010 Amendment to Rule 26.

The 2010 Amendment to Federal Rule of Civil Procedure 26 introduced subsection (a)(2)(C) as a means to require disclosures from expert witnesses who are not required to produce written reports under subsection (a)(2)(B). Fed. R. Civ. P. 26 advisory committee's note. The advisory committee's note explains that subsection (a)(2)(C) "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." *Id*. The note further clarifies that a witness who is not required to provide a report under subsection (a)(2)(B), such as a treating physician, may testify as both a fact witness and an expert witness under Federal Rules of Evidence 702, 703, or 705, as long as he complies with the disclosure requirements of subsection (a)(2)(C). *Id*.

Defendant asserts that Plaintiffs' reliance upon the 2010 Amendment to Rule 26 is misplaced because there is post-amendment case law in this District and others "confirming that the

amendments had no effect on the well-established rule that treating physicians must provide a written report when their opinions stray beyond their care and treatment of the plaintiff." (Docket no. 92 at 4 n.3.) Defendant's argument misses the mark. Notably, the post-amendment cases relied upon by Defendant cite to pre-amendment case law to support their dispositions, and most of them do not acknowledge the existence of Rule 26(a)(2)(C) as amended. Moreover, the language Defendant relies on in one of those cases, when read in full context, does not apply to the facts of the instant matter, as Dr. Rosen has been listed as an expert witness. *See Nemeth v. Citizens Fin. Grp.*, No. 08-cv-15326, 2012 WL 3278968, at *5 (E.D. Mich. Aug. 10, 2012) (Borman, J.) ("Treating physicians need not be listed as expert witnesses, assuming they are not retained for purposes of rendering an opinion specifically for litigation, and may opine as to causation to the extent such an opinion is a natural part of the treating relationship.").

While the Sixth Circuit has not specifically addressed the disclosure requirements of treating physicians as expert witnesses in light of subsection (a)(2)(C), recent case law from this District is instructive. In *Tyler v. Pac. Indem. Co.*, Chief Judge Rosen expounded that "[w]hich subsection an expert witness falls under is governed by the scope, substance, and source of the intended testimony." No. 10-cv-13782, 2013 WL 183931, at *2 (E.D. Mich. Jan. 17, 2013) (citation and internal quotation marks omitted). Other districts use the plain language of the Rule, whether "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," to determine which subsection applies to an expert witness. *See, e.g., Wilson v. Hill*, No. 2:08-CV-552, 2012 WL 1068174, at *5-6 (S.D. Ohio Mar. 29, 2012) (Treating dentist subject to disclosure requirements of Rule 26(a)(2)(C) where he was not specifically retained or employed to provide expert testimony

7

and did not qualify as an employee whose duties regularly involved giving expert testimony.). Some courts also consider the expert's personal knowledge of the facts giving rise to the litigation when classifying an expert under subsection B or C. *See Beane v. Util. Trailer Mfg. Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D. La. Feb. 25, 2013) ("Here, the nine witnesses which [the defendant] seeks to exclude are clearly not 'percipient witness[es] who happen[ ] to be experts,' but rather are 'expert[s] without prior knowledge of the facts giving rise to the litigation [who are] recruited to provide expert testimony.'") (quoting *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6 (1st Cir. 2011)).

Here, Dr. Rosen is a surgeon who was employed to perform abdominal wall repair surgery on Plaintiff approximately two years before Plaintiffs filed their Complaint. He was not specially retained to provide his expertise for this litigation and is certainly not an employee of Plaintiffs whose duties regularly involve giving expert testimony. Indeed, Plaintiffs aver that Dr. Rosen was selected to perform Plaintiff's surgery "due to his knowledge, research and experience as one of the nation's preeminent experts in the field of complex abdominal wall reconstruction surgeries and biologic mesh use in abdominal wall reconstruction and hernia repairs." (Docket no. 91 at 8.) Plaintiffs also contend that Dr. Rosen's expected testimony is based on his personal knowledge of Permacol prior to Plaintiff's surgery, his aforementioned expertise, and his personal knowledge of and observations made during the course of Plaintiff's treatment. (*Id*.) Plaintiffs elaborate that they have not provided Dr. Rosen with any materials other than Plaintiff's medical records to use in preparing his testimony in this matter. (*Id*.) Plaintiffs further affirm that Dr. Rosen formed his opinions regarding the cause of Plaintiff's injuries during the course of Plaintiff's treatment, not in anticipation of litigation. (*Id*. at 9.) Finally, Dr. Rosen has disclosed the subject matter outside the

scope of Plaintiff's treatment on which he intends to present evidence, which will eliminate any unfair surprise in his testimony in accordance with the spirit of Rule 26. (*See* docket no. 87-3.) After considering each of the various methods and factors used by courts when classifying expert witnesses under either Rule 26(a)(2)(B) or (C), the Court finds that Dr. Rosen is an expert witness subject to the requirements of Rule 26(a)(2)(C).

A Rule 26(a)(2)(C) expert disclosure must state the subject matter of the evidence the witness is expected to present under Federal Rule of Evidence 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Dr. Rosen's February 21, 2014 supplemental expert disclosure consists of seven, single-spaced paragraphs, five of which purportedly represent Plaintiffs' counsel's "good faith belief of Dr. Rosen's opinions" and the expected subject matter of his testimony. (Docket no. 87-3 at 4.) Defendant has not challenged the sufficiency of Dr. Rosen's disclosure under Rule 26(a)(2)(C). The Court finds that Plaintiffs have properly disclosed Dr. Rosen as an expert witness under Federal Rule of Civil Procedure 26(a)(2)(C). Consequently, the Court will deny Defendant's Motion to Strike Dr. Rosen's Supplemental Expert Disclosure.

### B. Dr. Guy Voeller's Supplemental Expert Disclosure

The parties do not dispute that Dr. Voeller is a witness retained by Plaintiffs to provide expert testimony in this matter under Federal Rule of Civil Procedure 26(a)(2)(B). As such, Dr. Voeller is required to prepare, sign, and submit a written report that contains all of the components listed under Rule 26(a)(2)(B). Dr. Voeller submitted a supplemental expert disclosure and expert report on February 21, 2014. (Docket nos. 87-3 and 87-4.)

Defendant asserts that these documents should be stricken for failure to comply with Rule

26(a)(2)(B). (Docket no. 87 at 12.) Specifically, Defendant argues that despite being given additional time to cure the deficiencies in his original report filed on July 29, 2013, Dr. Voeller's supplemental expert disclosure and report fail to contain a "complete statement of all opinions the witness will express and the basis for them" as required by Rule 26(a)(2)(B)(i). (*Id*. at 12-13.) Defendant elaborates that the portion of Dr. Voeller's report regarding the "Use of Permacol in Bridging Technique" offers a conclusory opinion only. (*Id*.) Defendant further contends that the footnote in the report informing the reader that Dr. Voeller is still in the process of reviewing additional material, which he may rely on in his deposition and may cause him to supplement his opinions, is inappropriate. (*Id*).

In their response to Defendant's motion, Plaintiffs claim that the basis for Dr. Voeller's opinion on the bridging technique is his expertise, his experience, and his review of scientific literature, Plaintiff's medical records, and information Plaintiffs received through discovery in January 2014. (Docket no. 91 at 10.) Plaintiffs also indicate that Dr. Voeller has since completed his review of the additional material as noticed in the footnote in his February 21, 2014 report and refer the Court to another supplemental report of Dr. Voeller served upon Defendant on April 23, 2014 in accordance with Rule 26(e). (*Id*.) In this supplemental disclosure, Dr. Voeller provides a list of the additional materials he reviewed and avers that his opinions in his February 21, 2014 expert report did not change after a review of those additional materials. (Docket no. 91-2.)

Federal Rule of Civil Procedure 26(a)(2)(B)(i) mandates that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation." *Brainard v. Am. Skandia Life Assur. Corp.,*

432 F.3d 655, 664 (6th Cir.2005) (citation omitted). In other words, "[e]xpert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (quoting *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 n. 6 (7th Cir.1998)). The "report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Id*.

The Summary of Opinions section of Dr. Voeller's February 21, 2014 expert report reads in relevant part:

> *Lack of Data on Permacol Available to Surgeons in 2008 and 2009*
>
> The standard that a medical device must meet in order for a surgeon to use it in a patient is that it is safe and effective for its intended use.
>
> Based on the lack of information about Permacol that was available to a surgeon in 2008 and 2009, it is not possible that a surgeon could have known about safe and effective use of this product, specifically, in abdominal wall reconstruction and ventral hernia repairs. Further, based on the lack of information available to surgeons about Permacol in 2008 and 2009, there was no way a doctor could have warned a patient about the potential for adverse reactions and long-term effects of Permacol.
>
> *Current Available Data*
>
> The research done by Dr. Michael J. Rosen shows that there have been 116 cases of Permacaol use for ventral hernia repair reported in the literature as of January 2010. Use of Permacol in abdominal wall hernia repairs and [sic] can lead to the failure of the product, and product failure can lead to serious injury to the patient, including scarring, chronic pain, tissue damage and destruction and permanent physical injury.
>
> I will opine that there is a clear need to evaluate the performance of xenograft biologic meshes, which includes Permacol. The availability of such knowledge is crucial prior to the application of Permacol in clinical practice. It is my opinion that in 2008 and 2009, Permacol was on the market without being adequately tested by Covidien for use in incisional hernia repair. As of the date of this report, there is a

> need for further animal and human trials investigating how varied clinical settings affect the performance of Permacol in abdominal wall reconstruction and ventral hernia repairs.
>
> *Use of Permacol in Bridging Technique*
>
> There are many cases of successful use of biologic materials, including Permacol. In Mr. Avendt's case, the Permacol was used as a bridge and, predictably, resulted in product failure. The failure caused Mr. Avendt to suffer injuries. The Instructions for Use did not warn that Permacol should not be used in conjunction with a bridging technique.

(Docket no. 87-4 at 4.)

The Court finds that Dr. Voeller's February 21, 2014 expert disclosure does not meet the requirements of Rule 26(a)(2)(B)(i). In fact, Dr. Voeller's report is riddled with conclusory opinions. For example, Dr. Voeller opines that the use of Permacol in abdominal wall repairs can lead to product failure and serious injury but offers no factual basis or reasoning to support his opinion and does not explain how or why Permacol fails when used to repair abdominal walls. The reader is left to speculate as to the cause, probability, and frequency of Permacol failures in abdominal wall repairs. In another section of his report, Dr. Voeller opines that when used as a bridge in Plaintiff's case, Permacol predictably resulted in product failure and injury. Dr. Voeller provides no basis for this opinion. He fails to explain why Permacol's failure was predictable or provide any data or substantive rationale that led him to the conclusion that the bridging technique resulted in the product's failure. Rather than serve its purpose to reduce the need for a lengthy and expensive deposition, Dr. Voeller's deficient expert report requires further explanation, which could increase the time and expense of his deposition considerably.

Defendant objected to Dr. Voeller's July 2013 report as "shocking in its brevity and lack of substance." (Docket no. 42 at 15.) Dr. Voeller and Plaintiffs' counsel had over six months to

correct any deficiencies in Dr. Voeller's report but failed to do so. Plaintiffs' efforts to provide a basis for Dr. Voeller's opinion on the use of Permacol in conjunction with a bridging technique in their response to the instant motion is both untimely and improper. For the reasons stated above, the Court will grant Defendant's Motion to Strike Dr. Guy Voeller's February 21, 2014 Supplemental Expert Disclosure and Expert Report pursuant to Federal Rule of Civil Procedure 37. Accordingly, the Court will strike Dr. Voeller's April 23, 2014 Supplemental Expert Report.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiffs' Second Supplemental Expert Disclosure and the Supplemental Expert Report of Dr. Guy Voeller [87] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Defendant's Motion to Strike Plaintiffs' February 21, 2014 Supplemental Expert Disclosure of Dr. Michael J. Rosen is DENIED; and

   b. Defendant's Motion to Strike Dr. Guy Voeller's February 21, 2014 Supplemental Expert Disclosure and Expert Report is GRANTED.

**IT IS FURTHER ORDERED** that Dr. Guy Voeller's April 23, 2014 Supplemental Expert Report is stricken.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 20, 2014          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 20, 2014        s/ Lisa C. Bartlett
                                Case Manager