UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT AND KAROL AVENDT,

    Plaintiffs,                    CIVIL ACTION NO. 11-cv-15538

    v.                             DISTRICT JUDGE PAUL D. BORMAN

COVIDIEN INC.,                MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

## OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR CLARIFICATION OF SCHEDULING ORDER [99]

This matter comes before the Court on Plaintiffs Robert and Karol Avendt's Motion for Clarification of Scheduling Order. (Docket no. 99.) Defendant Covidien, Inc. responded to Plaintiffs' Motion. (Docket no. 100.) The Motion has been referred to the undersigned for consideration. (Docket no. 101.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I.    Background

Plaintiffs filed this action against Defendant on November 21, 2011 in the Genesee County Circuit Court. (Docket no. 1, ex. A.) Defendant removed the action to this Court on December 19, 2011. (Docket no. 1.) The Complaint raises claims of Products Liability (Count I) and Loss of Consortium (Count II) for injuries that allegedly resulted from the implantation of Permacol surgical mesh during an abdominal wall surgery. (*See* docket no. 1, ex. A.) In the parties' January 23, 2012 joint Discovery Plan, they agreed that Plaintiffs' expert disclosures

would be due on October 15, 2012, and that Defendant's expert disclosures would be due on November 15, 2012. (Docket no. 6 at 2.) Through multiple extensions of the deadlines in the Court's Scheduling Order, Plaintiffs' and Defendant's expert disclosure deadlines were extended to June 17, 2013, and July 17, 2013, respectively. (Docket no. 32.)

On June 17, 2013, Plaintiffs identified two economic damages experts, Dr. Robert Ancell and David Hammel, and exchanged expert reports. (Docket no. 42-4.) Defendant disclosed its experts on July 17, 2013. (Docket no. 100 at 5.) Also on July 17, 2013, Plaintiffs served a copy of a supplemental expert disclosure identifying Dr. Michael J. Rosen, one of Plaintiffs' treating physicians, as an expert. (Docket no. 42-5.) Plaintiffs served another supplemental expert disclosure identifying Dr. Guy Voeller as an expert on July 29, 2013. (Docket no. 42-6.) Defendant then filed a motion to strike Plaintiffs' supplemental expert disclosures as untimely and improper. (Docket no. 42.) The Court denied Defendant's motion, finding that Plaintiffs' failure to meet the expert disclosure deadline was substantially justified, and modified the Scheduling Order, extending the deadline for Plaintiffs' supplemental expert reports to February 21, 2014. (Docket nos. 75 and 76.)

Plaintiffs submitted supplemental expert disclosures for Drs. Rosen and Voeller on February 21, 2014. (Docket nos. 87-3 and 87-4.) On February 28, 2014, Plaintiffs filed a Motion for Leave to File First Amended Complaint. (Docket no. 78.) On April 9, 2014, Defendant filed a Motion to Strike Plaintiffs' Second Supplemental Expert Disclosure and the Supplemental Expert Report of Dr. Guy Voeller for failure to comply with Federal Rule of Civil Procedure 26. (Docket no. 87.) The Court then vacated the deadlines in its March 11, 2014 Scheduling Order (docket no. 81) and declared that upon resolution of the pending motions, the Court would set a scheduling conference to set the remaining deadlines in this action. (Docket

no. 89.) The Court denied Plaintiffs' Motion for Leave to File First Amended Complaint on September 11, 2014. (Docket no. 94.) And in a December 20, 2014 Opinion and Order, the Court granted Defendant's Motion to Strike with regard to Dr. Voeller and denied Defendant's Motion with regard to Dr. Rosen. (Docket no. 95.)

Thereafter, as requested by the Court, Defendant submitted a proposed scheduling order to Plaintiffs, which establishes new deadlines for the items listed in the Court's March 11, 2014 Scheduling Order. (Docket no. 100 at 6.) These items are:

- Depositions of Plaintiffs' Experts;
- Defendant's Rebuttal Expert Disclosures;
- Depositions of Defendant's Experts;
- Closing Date for Expert Discovery; and
- Dispositive Motions.

(Docket no. 81.) Plaintiffs seek to add a deadline to the Scheduling Order for submitting their own rebuttal expert disclosures after the depositions of Defendant's experts are complete; Defendant objects to Plaintiffs' proposal. As requested by the Court at a Scheduling Conference held on March 17, 2015, the parties have submitted briefs to the Court, which set forth their respective positions and legal arguments on the issue. (Docket nos. 99 and 100.) This matter is currently pending before the Court.

**II.     Governing Law**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. Generally, a party is required to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). These disclosures must occur at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). In the absence of a stipulation or court order, the disclosures must be made at least ninety days before the trial date or the date the case is to be ready for trial. Fed. R. Civ. P.

26(a)(2)(D)(i). If the expert testimony is intended solely to rebut evidence on the same subject matter identified by another party, the disclosure must be made within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Additionally, these disclosures must be supplemented when required under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E). The party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). Any additions or changes are required to be made by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed. R. Civ. P. 26(e)(2).

Federal Rule of Civil Procedure 37(c) provides for sanctions for failing to disclose or supplement an earlier disclosure. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction has been described as "automatic" in order to provide a strong inducement for disclosure of material. *Vaughn v. HomeGoods, Inc.*, No. 07-CV-15085, 2008 WL 4239505, at *3 (E.D. Mich. Sept. 11, 2008). The exceptions for "harmless" or "substantially justified" failures to disclose are meant to avert the harshness of the sanction. *Id.* The "harmless" requirement is independent of the prejudice caused to the opposing party, and instead applies when the party makes an inadvertent or honest mistake and the opposing party has sufficient knowledge of the expert or of his opinions. *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

**III.   Analysis**

Plaintiffs assert that they are entitled to submit rebuttal expert disclosures within the 30-day period following Defendant's experts' disclosures in their depositions even though such a

disclosure was not contemplated in previous scheduling orders because "it only seems prudent to allow both parties the same opportunity to rebut the opposing expert(s)' testimony." (Docket no. 99 at 3, 7.) Plaintiffs elaborate that their request comports with Rule 26(a)(2)(D)(ii) and that neither party will suffer prejudice if it is granted. (*Id*. at 7.) Defendant asserts that Plaintiffs should not be permitted to insert a deadline for rebuttal expert disclosures into the scheduling order because such a deadline was not contemplated in any prior scheduling order, and Plaintiffs' request comes a year and a half after the deadline for rebuttal expert disclosures under Rule 26(a)(2)(D)(ii). (Docket no. 100 at 1, 4, 5.) Defendant adds that granting Plaintiffs an additional rebuttal period after one of their retained liability experts, Dr. Voeller, was stricken, would be tantamount to allowing Plaintiffs to take "a second bite at the apple." (Docket no. 100 at 9.)

Both parties rely on *Hennigan v. Gen. Electric Co.,* No. 09-11912, 2014 WL 4415954 (E.D. Mich. Mar. 25, 2014) to support their positions. In *Hennigan*, the plaintiffs disclosed a new rebuttal expert three weeks after the deposition of the defendants' expert witness, more than two months after the disclosure of the expert witness's report, and more than fourteen months after the initial disclosure of the expert witness and his anticipated testimony. *Hennigan*, 2014 WL 4415954, at *1. The court found that the plaintiffs' rebuttal expert disclosure was untimely and not substantially justified or harmless and, therefore, precluded the plaintiffs' use of their newly-disclosed rebuttal expert. *Id*. at *2, *4. In doing so, the court followed the majority view that a lack of deadlines for rebuttal witnesses in a scheduling order does not mean that rebuttal witnesses are prohibited; it means that rebuttal witnesses must be disclosed according to Rule 26(a)(2)(D)(ii).[1] *Id*. at *1 (quoting *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013)). The court reasoned that since the plaintiffs were on notice of the general substance of the expert witness's opinions upon receipt of

---

[1] It is this premise of *Hennigan* on which Plaintiffs rely.

his expert report, they should have submitted a rebuttal expert disclosure and report within 30 days of receiving the defendants' expert witness's report.[2] *Id*. at *2. The court elaborated that a timely rebuttal expert disclosure may be supplemented if necessary after the deposition of the expert witness. *Id*.

In light of *Hennigan*, Plaintiffs' argument that they should be able to submit rebuttal expert disclosures even though such disclosures were not contemplated in any of the Court's previous scheduling orders holds merit. However, those disclosures must comply with Rule 26(a)(2)(D)(ii). Plaintiffs interpret the Rule to mean that they are entitled to submit rebuttal expert disclosures within the 30-day period following Defendant's experts' disclosures in their depositions. Plaintiffs are mistaken; Rule 26(a)(2)(D)(ii) plainly states, and *Hennigan* reinforces, that rebuttal expert disclosures must be made within 30 days of the other party's expert *disclosure*, not the expert witness's *deposition*. Fed. R. Civ. P. 26(a)(2)(D)(ii); *see Hennigan*, 2014 WL 4415954, at *2. Here, Defendant disclosed its experts on July 17, 2013. In the absence of a directive in the Court's Scheduling Order, Plaintiffs were required to disclose their rebuttal experts by August 17, 2013. Plaintiffs have not demonstrated how their failure to do so was substantially justified or harmless. Nor have they convinced the Court that such a disclosure at this stage in the litigation would not prejudice Defendant. Accordingly, the Court will not include a deadline for Plaintiffs' rebuttal expert disclosures in the Scheduling Order to be issued contemporaneously with this Opinion and Order.

While Defendant argues against the inclusion of a deadline in the scheduling order for Plaintiffs to make rebuttal expert disclosures, Defendant includes a deadline for its own rebuttal expert disclosures in its proposed scheduling order. (*See* docket no. 100-1.) Defendant claims that such a deadline is justified because, upon denying Defendant's first Motion to Strike

---

[2] Defendant relies on this premise of *Hennigan*.

6

Plaintiffs' Untimely Expert Disclosures, the Court permitted Defendant a short period of time to disclose rebuttal expert witnesses, given that Defendant was in the "unusual position" of having disclosed its expert witnesses before Plaintiffs. (Docket no. 100 at 6 n.3 (citing docket nos. 75 and 76).) Plaintiffs submitted their expert disclosures on February 21, 2014; according to the Court's December 10, 2013 Scheduling Order, Defendant's rebuttal expert reports were due on March 21, 2014. (Docket no. 76.) This deadline was ultimately extended to April 25, 2014, and was then vacated by the Court pending resolution of Plaintiffs' Motion to Amend and Defendant's Motion to Strike Plaintiffs' Second Supplemental Expert Disclosure and the Supplemental Expert Report of Dr. Guy Voeller. (Docket no. 81; docket no. 89.)

On December 20, 2014, the Court resolved Defendant's Motion to Strike, thereby settling Defendant's issues related to Plaintiffs' expert disclosures. (Docket no. 95.) It was at this time that Defendant became fully aware of which of Plaintiffs' liability experts would be permitted to testify in this matter. Also, already having received the reports of Plaintiffs' expert witnesses, Defendant was on notice of the general substance of their opinions. The same premise of *Hennigan* on which Defendant relies to defeat Plaintiffs' request for rebuttal expert disclosures applies here. Accordingly, in the absence of a scheduling order, Defendant should have submitted its rebuttal expert disclosures by January 20, 2015. Defendant has not established how its failure to do so is substantially justified or harmless. Thus, any such disclosures would be untimely, and the Court will not permit Defendant to submit rebuttal expert disclosures under the new Scheduling Order.

**IT IS THEREFORE ORDERED** that neither Plaintiffs nor Defendant are permitted to submit rebuttal expert disclosures under the Court's new Scheduling Order, which has been issued contemporaneously with this Opinion and Order.

7

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 14, 2015            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 14, 2015            s/ Lisa C. Bartlett
                                 Case Manager